STATE OF IOWA v. JOHN DAILEY, Appellant.

Threatening to accuse another of crime: INDICTMENT. An indictment under Code, section 4767, accusing one with being " a disorderly person " does not charge any crime recognized by the statutes.

*Appeal from Polk District Court.*— HON. JOSIAH GIVEN, Judge.

WEDNESDAY, JUNE 14, 1905.

DEFENDANT was convicted of the offense of threatening to accuse another of a crime, and sentenced to pay a fine of $100 and costs, and from this sentence he appeals.— *Reversed.*

*Walter McHenry, T. L. Sellers,* and *Stewart & Moen,* for appellant.

*Charles W. Mullan,* Attorney-General, *Lawrence De Graff,* Assistant Attorney-General, and *Jesse A. Miller,* County Attorney, for the State.

McCLAIN, J.— The count of the indictment on which the defendant was convicted charged that he and one Roe, " on or about the first day of September, A. D. 1903, in the county of Polk and state of Iowa, did unlawfully, maliciously and feloniously, by a verbal communication, threaten to accuse Annie Ericker, Julia Reinke, and Mary Reinke of being disorderly persons, a more particular description of said threat being now to said grand jurors unknown, all done by the said John Dailey and D. E. Roe with a felonious intent on their part then and there to extort from the said Annie Ericker, Julia Reinke, and Mary Reinke a sum of money, to-wit, ten dollars, and to compel the said Annie Ericker, Julie Reinke, and Mary Reinke, so verbally threatened, to deliver and pay to said defendants, John Dailey and D. E. Roe, against the will of said Annie Ericker, Julia Reinke, and Mary Reinke, money as aforesaid."

The sufficiency of the indictment is questioned on the ground that it does not charge any offense. The provision of the Code (section 4767) on which the indictment is founded describes it as an offense for any person, either verbally or by any written or printed communication, to " maliciously threaten to accuse another of a crime or offense . . . with intent to extort any money or pecuniary advantage whatever, or to compel the person so threatened to do any act against his will." It is clear that the indictment should state the crime or offense of which the defendant maliciously threatened to accuse the persons named. It is accordingly charged that the defendant and Roe threatened to accuse such persons " of being disorderly persons." The question, therefore, is whether it is a crime or offense under the statutes of Iowa to be a disorderly person. The statutory provision relied upon by the State for the purpose of showing that there is such a crime or offense is found in

Code, section 5119, in which it is said that " all common prostitutes and keepers of bawdy houses, or houses for the resort of prostitutes; all habitual drunkards, gamesters, or other disorderly persons; all persons wandering about and having no visible calling or business to maintain themselves," and other classes of persons therein described, are vagrants. Vagrancy is not made punishable under the statute, which provides only for security against the commission of an offense. There is nothing in the statutory provisions on the subject relating to the punishment of disorderly persons as such, and it seems clear, therefore, that, to charge one with being a disorderly person, does not charge him with any crime recognized in the Code. If the defendant and Roe had carried out their threatened purpose of accusing the persons named of being disorderly persons, and had so charged them before a legal tribunal, the charge would necessarily have been dismissed as not constituting a charge of any crime. Something is said in argument as to the distinction between " crime " and " offense," but it is clear that, to constitute an offense under the statutes of Iowa, it is necessary that the act be one which falls within the definition of either a felony or a misdemeanor. See Code, sections 5093, 5094.

We reach the conclusion, therefore, that the indictment does not charge the defendant with a crime, and, as this conclusion necessarily puts an end to the prosecution under the present indictment, it is unnecessary to discuss the other errors argued.

The judgment of the district court is *reversed.*